UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Howard L. Pettaway, Sr.,                 Case No. 3:22-cv-00804

       Plaintiff

v.                                       MEMORANDUM OPINION
                                         AND ORDER

Reese Bobin, *et al.*,

       Defendants

**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Howard L. Pettaway, Sr. filed this action against Reese Bobin, Tamika Gibson, Children Services Lawyer Jeremy Young, Federal Bureau of Investigation Agent Christopher Wray, Lucas County Prosecutor Baeppler, Lucas County Juvenile Court Judge Denise Navarre, and Wellness Center Physician Kettlie Daniels. He supplemented his Complaint on July 25, 2022, to add Chris Clark as a Defendant. (Doc. No. 3). In the Complaint, Plaintiff contends Lucas County Children Services, and the Lucas County Juvenile Court barred his contact with his son. He contends their actions denied him due process. Although he states he is not interested in monetary damages, he lists dollar amounts in the body of the pleading. He indicates he would like me to enter an Order awarding him custody of his son with full parental rights.

Plaintiff's Complaint does not contain many facts. He states that Children Services forcibly removed his son from his custody without a court order. He contends that in December 1996, the Toledo Police Department killed his best friend in a motor vehicle accident. He claims they brought criminal charges against him, but he was acquitted. He states he suffered from survivor's guilt and

sought psychiatric assistance. He alleges Children Services used his treatment as a reason to take his son from him, which he claims is a breach of confidentiality. He contends the Juvenile Court Magistrate tried to force him to take medication. Plaintiff indicates he has been separated from his son for seven years, which is causing trauma to him and his son. He alleges no one ever filed a Motion for Discovery in the Juvenile Court. He claims, without explanation, that the Defendants falsified documents and should be imprisoned. He asserts that he was denied due process.

Plaintiff attaches a copy of an Ohio Appellate Court decision which sheds some light on Plaintiff's allegations. The Ohio Sixth District Court of Appeals indicated Plaintiff was appealing a May 10, 2021 judgment by the Lucas County Juvenile Court denying Plaintiff's request for parenting time. The Appellate Court indicated Lucas County Children Services filed a complaint in dependency and neglect with respect to Plaintiff's son on April 25, 2016. (Doc. No. 1-5 at 2). After months of case planning with both parents, the Juvenile Court awarded legal custody of the child to his maternal aunt and uncle. The child's mother was granted parenting time by agreement of the parties. Plaintiff was not granted parenting time.

The court stated that he has mental health issues that interfere with his parenting of the child. The court indicated Plaintiff stated to the court that he was attending counseling but refused to execute releases to prove he is receiving treatment. The court further stated that if Plaintiff wanted to establish parenting time, he would need to file a proper motion with the court that included documentation from his therapist stating that his mental health issues are addressed and have been stabilized for at least six months. (Doc. No. 1-5 at 2). Because Plaintiff had not complied with that Order when he filed his Motion for Parenting Time, the court denied the Motion. The Ohio Sixth District Court of Appeals upheld that decision.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis*

action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

To the extent Plaintiff is asking me to overturn a state court judgment and issue judgment in his favor, I cannot grant that relief. United States District Courts simply do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States

3

District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To

---

[1] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

4

determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310.

If the source of the Plaintiff's injury is the state-court judgment itself, then the Rooker-Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the Court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Here, Plaintiff asks me to grant him custody of his son and award him full parental rights. In order to do that I would have to vacate the judgment of the Lucas County Juvenile Court. I cannot conduct that type of review of the case, nor can I set aside a state court judgment. I do not have subject matter jurisdiction to grant that request.

To the extent Plaintiff is simply seeking to litigate the matter for a second time in a different court in the hope of obtaining a different result, I also cannot grant that relief. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). The term "res judicata" literally means "a thing [already] adjudicated." BLACK'S LAW DICTIONARY, 2nd Ed. When one court has already resolved the merits of a case, another court will not revisit them. *Montana*, 440 U.S. at 153; *Parklane Hosiery Co., Inc.*, 439 U.S. at 326. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.*

Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). Plaintiff attaches copies of the Ohio Appellate Court's decision affirming the judgment of the Lucas County Juvenile Court on the issue of Plaintiff's parental rights and parenting time with his son. The issues Plaintiff seeks to bring before me, namely his parental rights and parenting time, have been previously decided by the Lucas County Juvenile Court and the Ohio Sixth District Court of Appeals. Plaintiff is barred by *res judicata* from relitigating of those issues. I must give full faith and credit to the judgments of the state courts.

Moreover, I lack subject matter jurisdiction to consider child custody issues. Federal courts are courts of limited jurisdiction, and unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.*

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case and even if it did, child custody issues fall under the domestic relations exception to diversity jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794-98 (6th Cir. 2015). If federal

6

jurisdiction exists in this case, it must be based on federal law. Child custody determinations, however, are solidly a matter of state law. While I am sympathetic to Plaintiff's loss of custody of his child, I lack subject matter jurisdiction to consider the facts of plaintiff's case and make a child custody determination.

Finally, to the extent Plaintiff seeks damages against the Defendants for violating his constitutional rights, he fails to state a claim upon which relief may be granted. The Complaint does not include allegations specifying the actions each Defendant took that he asserts violated his constitutional right to due process. It contains only vague general allegations. To hold an individual Defendant liable for a constitutional violation, Plaintiff must allege facts that clearly show that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). A list of names followed by general allegations is not sufficient to meet this minimal pleading requirement.

## Conclusion

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude the claims presented fail to state claims upon which relief may be granted. Therefore, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge